IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREAT SOUTHERN WOOD PRESERVING, INCORPORATED, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 1:20-cv-872-JTA (WO) |
| A & S PAVING, INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to remand (Doc. No. 9) filed by Plaintiff Great Southern Wood Preserving, Inc. ("GSW"). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 12, 13.) Upon review of the motion, the response filed by Defendant A&S Paving, Inc. ("A&S") (Doc. No. 14) and the reply thereto (Doc. No. 15), the court finds that the motion is due to be granted.

### I.   BACKGROUND

GSW is an Alabama corporation with its principal place of business in Henry County, Alabama. (Doc. No. 1-1 at 1.) A&S is a Georgia corporation with its principal place of business in Lithonia, Georgia. (*Id.*) In 2018, GSW met with A&S regarding an expansion of the laydown yard[1] at its plant in Conyers, Georgia. (*Id.* at 3.) In August of

---

[1] A laydown yard is an area outside at a worksite where tools, materials, equipment, vehicles, etc. are stored until they need to be used. Importance of Organized Laydown Yards, Safety Talk Ideas (Jan. 27, 2021, 8:41 AM), https://www.safetytalkideas.com/safetytalks/importance-organized-laydown-yards/.

2018, the two parties entered into a written contract, drafted by GSW, for A&S to complete a pavement section for the expansion. (*Id.*) A&S informed GSW in September of 2018 that it had completed its work on the pavement section at the Conyers plant. (*Id.* at 4.) Shortly after GSW began using the laydown yard, the asphalt began to deteriorate. (*Id.* at 5.) GSW contacted A&S and made them aware of the problems with the asphalt. (*Id.*) A&S inspected and made repairs to the pavement section. (*Id.*) Despite the repairs, the asphalt continued to deteriorate. (*Id.*)

The contract between GSW and A&S included a forum selection clause which stated that "[a]t owner's option, all claims, disputes, and other matters arising out of or relating to this contract shall be decided by either arbitration … or litigation." (Doc. No. 1-1 at 16, ¶ 24.) The clause further provided that "[t]he location of such arbitration or litigation shall be in Henry County, Alabama." (*Id.*) In a subsequent provision, the contract stated that "[t]his agreement shall be interpreted under the laws of the State of Alabama and venue for any action shall be in Henry County, Alabama." (*Id.* at ¶ 26.)

GSW filed suit against A&S in the Circuit Court of Henry County, Alabama, on September 17, 2020, alleging claims of negligence/wantonness, breach of contract, misrepresentation/suppression, breach of express and implied warranties, and unjust enrichment. (*Id.* at 1, 7-11.) On October 27, 2020, A&S removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Doc. No. 1.) Shortly thereafter, A&S filed its answer. (Doc. No. 4.)

On November 25, 2020, GSW filed a Motion to Remand to State Court with its Memorandum in Support. (Doc. No. 9.) GSW contends the mandatory forum selection

clauses are enforceable in federal courts and constitute a waiver of the right to remove an action to federal court. (*Id.* at 3-4.) GSW also contends that because the forum selection clause in the contract is mandatory and not permissive, A&S has contractually waived its right to remove the case to this court. (*Id.* at 4-6.)

In response, A&S asserts the general criteria for removal are met as there is complete diversity between parties, the amount in controversy requirement is satisfied, and the case was timely removed. (Doc. No. 14 at 2-5.) A&S also asserts the contractual language regarding the forum for potential litigation is ambiguous and therefore permits removal. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

"Except as otherwise provided … any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court … for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Courts have original jurisdiction over diversity actions and cases raising a federal question. 28 U.S.C. §§ 1331, 1332(a). "It is well settled that the defendant[ ], as the part[y] removing an action to federal court, [has] the burden of establishing federal jurisdiction." *Brech v. Prudential Ins. Co. of Am.*, 845 F. Supp. 829, 831 (M.D. Ala. 1993). Because removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *Id.*; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Whitt v. Sherman Intern. Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Additionally, "[f]orum selection clauses in contracts are enforceable in federal courts," and are presumptively valid. *P&S Bus.*

3

*Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).  Therefore, "the court may 'remand a removed case when appropriate to enforce a forum selection clause.'" *Great S. Wood Pres., Inc. v. Thrift Brothers Lumber Co., Inc.*, No. 1:15-CV-384-WKW, 2015 WL 5852957 at *1 (M.D. Ala. Oct. 7, 2015) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999)).

### III.  DISCUSSION

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."  *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009); *see also Cornett v. Carrithers*, 465 F. App'x 841, 842 (11th Cir. 2012); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  These clauses are interpreted pursuant to ordinary principles of contract law and are typically classified as either permissive or mandatory.  *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011).  "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere," while a mandatory clause requires an exclusive forum for litigation.  *Id.* (citing *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004)).  Agreeing to a forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court.  *Glob. Satellite*, 378 F.3d at 1272.  Ordinary contract principles govern a contractual waiver of a right to removal.  *Snapper*, 171 F.3d at 1261.  A forum selection clause is deemed ambiguous if it is susceptible to more than one reasonable interpretation.  *Kostelac v. Allianz Corp. & Specialty AG*, 517 F. App'x 670,

677 (11th Cir. 2013). When ordinary contract principles fail to produce a reasonable interpretation for an ambiguous provision, and there is an opposing yet reasonable interpretation, an interpretation that operates against the drafter of the words will be preferred. *Glob. Satellite*, 378 F.3d at 1271 (citing *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985)); *Stateline Power Corp. v. Kremer*, 148 F. App'x 770, 771 (11th Cir. 2005).

Under normal circumstances removal in this instance would likely be appropriate. It is undisputed that there is complete diversity among the parties and the amount in controversy requirement is met. (Doc. No. 1-1 at 1, 11; Doc. No. 15 at 1.) However, GSW challenges removal of this action on the ground that A&S has waived its right to removal by agreeing to the forum selection clause contained in the contract. (Doc. No. 15 at 1; Doc. No. 9 at 6.) GSW specifically argues that the forum selection clause in the contract is mandatory due to its use of the word "shall." (*Id.* at 4.) GSW also argues that the phrase "shall be," coupled with designation of a specific venue, "indicates mandatory intent, and given that the forum selection clause [ ] is mandatory, it should be given its full effect, and this case remanded to Henry County." (*Id.* at 6.)

A&S argues that the language in the forum selection clause is ambiguous despite the use of the word "shall," and is therefore unenforceable. (Doc. No. 14 at 5.) A&S points to *Global Satellite* for support, claiming that it held forum selection clauses which state only the county rather than a particular court are "'vague' and 'imprecise' as to whether a federal forum was within the clause's reach." (*Id.* at 6.) A&S also relies upon *Great S. Wood Preserving, Inc. v. Thrift Bros. Lumber Co.,* asserting that this court found forum

5

selection language "shall be in the state courts of Henry County[,]" without specifying a proper court, was not vague and imprecise. (*Id.*) A&S then contends that GSW's position that the clause is mandatory and that A&S waived its right of removal does not align with these holdings. (*Id.* at 7.) A&S states that because the clause at issue here does not contain precise language requiring the litigation to be in the "state court," the clause is ambiguous and "leaves room for the possibility that a federal forum is within the clause's reach." (*Id.*)

In its reply, GSW first argues that the Eleventh Circuit, in similar circumstances, has held that the language at issue here is unambiguous. (Doc. No. 15 at 2.) GSW relies on *Cornett v. Carrithers*, an unpublished Eleventh Circuit case which GSW asserts is directly on point. 465 F. App'x 841 (11th Cir. 2012). GSW avows that the defendant in *Cornett* made the same ambiguity argument that A&S is making in the present case, but the court in *Cornett* rejected the argument, holding that "remand was proper because the only court of competent jurisdiction situated in Suwannee County, Florida was the [state court]." (*Id.* (citing *Cornett*, 465 F. App'x at 843).) GSW bolsters this argument by pointing out that, just like Suwannee County, Florida, there are no federal courts located in Henry County, Alabama, that could satisfy the venue requirement contained in the contract. (*Id.*) GSW then claims that A&S has ignored the essential reasoning in *Global Satellite*, where removal was permitted because both state and federal courts are located in Broward County, Florida. (*Id.* at 4.) GSW asserts that the reasoning in both *Cornett* and *Global Satellite* supports their argument that the language is unambiguous. (*Id.* at 5.) Additionally, GSW argues that *Thrift Brothers* does not support A&S's claim that language specifying "in state court" is required to make a forum selection clause unambiguous. (*Id.*

at 7.)  GSW points to language in the *Thrift Brothers* opinion which states "… even if the forum selection clause here had failed to designate a forum (i.e., "the state courts of Henry County, Alabama"), it is notable that the courts for the district courts for the Middle District of Alabama sit … in Montgomery, Dothan, and Opelika[,]" and that "[n]ot one of these locations is situated in Henry County, Alabama."  *Thrift Brothers*, No. 1:15-CV-384-WKW, 2015 WL 5852957, at *3 (internal citations omitted).  GSW urges the court to find this reasoning decisive because "[t]his clear, unequivocal language, coupled with the fact that there are no federal courts in Henry County, Alabama, mandate [*sic*] that this matter be remanded to the Circuit Court of Henry County, Alabama."  (Doc. No. 15 at 8.)

      Here, the relevant contract provisions contain mandatory language.  The use of "shall" in contractual provisions typically prescribes a requirement.  *Glob. Satellite*, 378 F.3d at 1271 (finding "because [the contract provision] uses the imperative 'shall,' [it] is most reasonably interpreted to mandate venue . . ."); *Cornett*, 465 F. App'x at 843 ("One hallmark of a mandatory clause is the use of the imperative term 'shall,' which prescribes a 'requirement.'") (citation omitted).  The first use of "shall" is in the Arbitration/Litigation provision, which states that if there is arbitration or litigation, "[t]he location of such arbitration or litigation <u>shall</u> be in Henry County, Alabama."  (Doc. No. 1-1 at 16, ¶ 24) (emphasis added).  The next relevant use is in the jurisdiction provision, which states that "venue for any action <u>shall</u> be in Henry County, Alabama."  (*Id.* at ¶ 26) (emphasis added).  Because "shall" is used, it is reasonable to interpret that venue is mandated in Henry County and no other county.  *See Glob. Satellite*, 378 F.3d at 1272.

Next, even though the relevant contract provisions do not specify whether forum should lie in state or federal court, the provisions at issue here are not ambiguous. For contractual provisions to be ambiguous, there must be at least two reasonable interpretations of the language. *Kostelac*, 517 F. App'x at 677. Under the present circumstances, A&S's interpretation is not reasonable. A&S claims that because the language does not precisely name the state courts of Henry County it "leaves room for the possibility that a federal forum is within the clause's reach." (Doc. No. 14 at 7.) A&S points to *Global Satellite* and its holding that because the contract only named the county rather than a particular court, it was "vague and imprecise" as to whether a federal forum was within the clause's reach. (*Id.* at 6.) The court in *Global Satellite* did reach that conclusion, but not solely because of the lack of language specifying the state courts as the only available forum. The *Global Satellite* court reasoned that because the provision did not designate a particular forum, "a suit in the Seventeenth Judicial District of Florida, or in the Fort Lauderdale Division of the Southern District of Florida, both of which are <u>located</u> in Broward County, would satisfy the venue requirement." *Glob. Satellite*, 378 F.3d at 1272 (emphasis added). While this same scenario could arise in other Alabama counties,[2] it cannot arise in Henry County. The only courts physically situated in Henry County, Alabama, are state courts. If there were both federal and state courts in Henry County, then the conclusion that a federal forum would be appropriate would be a

---

[2] For instance, Montgomery, Lee, and Houston Counties each have both state and federal forums within their borders. *See* 28 U.S.C. § 81(b). Henry County is part of the Southern Division of the United States District Court for the Middle District of Alabama, but court for the Southern Division is held at Dothan. *See* 28 U.S.C. § 81(b)(2). There is no federal court in Henry County.

reasonable interpretation of the clause. *See id.* Because there are no federal courts in Henry County, A&S's interpretation leaving room for a federal forum is not reasonable. Hence, the two provisions in question are not ambiguous.

In short, the mandatory language contained in the forum selection clause leaves the state court in Henry County as the exclusive forum that satisfies the venue requirement. *See Cornett*, 465 F. App'x at 843 (holding that forum selection clause that "venue shall be Suwanee County[,] Florida," was not ambiguous because while Suwanee County was within the Middle District of Florida, there was no federal court in that county). Because this is a mandatory forum selection clause and the clause is unambiguous, A&S has waived its right to remove the litigation to this court from the Circuit Court of Henry County, Alabama. The motion to remand is due to be granted.

### IV.   CONCLUSION

Accordingly, it is hereby ORDERED as follows:

1. GSW's motion to remand (Doc. No. 9) is GRANTED.

2. This action is REMANDED to the Circuit Court of Henry County, Alabama.

The Clerk of the Court is DIRECTED to take the steps necessary to effectuate the remand.

DONE this 26th day of February, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

9